Argued and submitted December 18, 1990, affirmed May 22, 1991

Joyce CLAFLIN,
*Petitioner,*

*v.*

SENIOR AND DISABLED
SERVICES DIVISION,
*Respondent.*

(92781; CA A63768)

811 P2d 1377

John White, Eugene, argued the cause for petitioner. On the briefs was Charles O. Porter, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner seeks review of an order of the Senior and Disabled Services Division, Department of Human Resources (Division), denying renewal of her license to operate an adult foster home. She argues that the procedures followed by Division in denying her license violated its administrative rules and were prejudicial to her. We affirm.

Petitioner has operated adult foster homes since 1983 and has been licensed by Division since 1985. From February through August, 1989, six different elderly people lived in her foster home. During August and September, 1989, Division received numerous complaints regarding alleged problems in the home. In response to the complaints, five inspections of the home were made between August 23 and September 11. On September 13, Division notified petitioner by letter of these problems: "Provider was observed to puree all courses of a given meal into one blended serving, i.e., meat, vegetable, dessert," that she had "unused prescriptions for persons no longer clients in the home" and that she was "allegedly observed to kick, slap, pull by the neck, and yell at residents," in violation of OAR 411-50-445(5), OAR 422-50-447(1)(b)(a) and OAR 411-50-447(6)(c). The letter advised petitioner that she was to take immediate action to correct the problems, that sanctions might be imposed and that, if they were imposed, she would be given an opportunity to contest the findings. On September 15, Division notified petitioner in writing that it was suspending new admissions to her foster home. Petitioner requested a hearing.

On October 2, 1989, Division sent petitioner a notice that it did not intend to renew her license. In addition to those included in the September letter, the notice included allegations that she had failed to assist residents in the bathroom, to change soiled underclothing in a timely manner and to store soiled linens properly. It also said that she had used inappropriate restraints, had turned off the intercom at night and had slapped, shoved and verbally abused residents.[1] Petitioner requested a hearing on the license renewal decision.

---

[1] On November 21, 1989, Division issued an amended notice that made minor changes in the allegations.

A consolidated hearing was held on November 30 and December 1, 1989. The hearings officer issued a proposed order on January 9, 1990. On January 24, 1990, the administrator of Division issued a final order denying renewal of petitioner's license. The administrator determined that (1) Division had acted properly in suspending admissions to petitioner's foster home; (2) petitioner had violated Division's rules regarding medications and physician's orders; (3) petitioner's residents were not treated with respect and dignity, were subjected to unauthorized physical restraints and were not provided a safe and secure environment; and (4) petitioner had abused and neglected residents.

Petitioner argues that Division did not comply with the procedures in its administrative rules for denial of a license renewal. She contends that, under OAR 411-50-460,[2] Division should have notified her of all alleged violations, given her a period of time to correct them and reinspected the foster home before it imposed any administrative sanctions.

■ We conclude that Division has the authority to refuse to renew a license without giving the licensee an opportunity to correct violations when a resident has been abused, neglected or exploited. ORS 443.745(1) provides:

---

[2] OAR 411-50-460 provides:

"(1) If, as a result of an inspection or investigation, the Division *determines that abuse has occurred,* the provider must be notified verbally to immediately cease the abusive act. The Division will follow-up with a written confirmation of the warning to cease the abusive act and will include notification that further sanctioning may be imposed.

"(2) If an inspection or investigation results in a violation of the rules *other than abuse,* violations of these rules.

"(3) The notice of violation shall state the following:

"(a) A description of each condition that constitutes a violation;

"(b) Each regulation that has been violated;

"(c) Except in cases of imminent danger, a specific time frame for correction, but no later than sixty (60) days after receipt of the notice;

"(d) Sanctions that may be imposed against the home for failure to correct the violations;

"(e) Right to contest the violations if an administrative sanction is imposed; and

"* * * * *

"(8) The Division may conduct a reinspection of the home after the date the Division receives the report of compliance or after the date by which violations must be corrected as specified in the notice of violations." (Emphasis supplied.)

"A license may be denied, suspended, revoked or have conditions attached upon a finding by the department of any of the following:

"(a)   There exists a threat to the health, safety or welfare of any resident.

"(b)   There is reliable evidence of abuse, neglect or exploitation of any resident.

"(c)   The facility is not operated in compliance with ORS 443.705 to 443.825 and 443.991(3) or (4) or the rules adopted thereunder.

"(d)   Such other circumstances as may be established by the department by rule."

OAR 411-50-465(6)[3] authorizes immediate action to suspend, revoke or refuse to renew a license if a resident has been abused, neglected or exploited. In such cases, licensees are entitled to request a contested case hearing on the agency decision, but the agency may still take immediate action. ORS 183.310(2); OAR 411-50-465(6). Division's authority to refuse to renew a license is not limited, as petitioner contends, by the requirements of OAR 411-50-460 for correction of rule violations. The procedures in that rule are to be followed in the correction of deficiencies other than abuse. OAR 411-50-460(1), (2). The procedures followed by Division were proper.[4]

Petitioner also argues that Division could only consider the violations included in its letter of September 13 in deciding whether her license should be renewed. At the time of the hearing on the license renewal, petitioner had received written notice of the other alleged violations. Further, the scope of the issues to be heard was explained by the hearings officer at the beginning of the hearing, and petitioner did not

---

[3] OAR 411-50-465(6) provides:

"The Division may immediately suspend, revoke, or not renew a license for reason of abuse, neglect, or exploitation of a resident. The licensee may request a review of the decision by submitting a request, in writing, within ten (10) days of the notice and order of suspension, revocation or nonrenewal."

[4] Petitioner also argues that the hearings officer erred in refusing to allow testimony regarding Division's failure to allow her the opportunity to correct the deficiencies identified in the September 13 letter. However, in view of our conclusion that Division need not provide an opportunity to correct deficiencies when abuse of residents is alleged, the hearings officer did not err in refusing to hear that evidence.

object at that time. Division was not limited to considering the allegations in the letter.

Affirmed.